IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00079 JMS/KSC |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR ORDER ADDRESSING PREVIOUS |
| vs. | ) ) | RULINGS ON AND DETERMINING (A) WHICH RULINGS ARE LAW |
| NAEEM J. WILLIAMS, | ) ) | OF THE CASE; (B) WHICH RULINGS ARE REMAINING IN |
| Defendant. | ) ) | EFFECT EVEN IF THEY COULD BE CHANGED; (C) MOTION TO |
|  | ) ) | PERMIT REFILING AND FURTHER RULINGS ON IN LIMINE AND |
|  | ) ) | OTHER EVIDENCE-RELATED |
| _____ | ) | MOTIONS, DOC. NO. 1976 |

**<u>ORDER DENYING MOTION FOR ORDER ADDRESSING PREVIOUS RULINGS ON AND DETERMINING (A) WHICH RULINGS ARE LAW OF THE CASE; (B) WHICH RULINGS ARE REMAINING IN EFFECT EVEN IF THEY COULD BE CHANGED; (C) MOTION TO PERMIT REFILING AND FURTHER RULINGS ON IN LIMINE AND OTHER EVIDENCE-RELATED MOTIONS, DOC. NO. 1976</u>**

This capital criminal action has been pending for almost eight years, and was assigned to the undersigned only recently on March 1, 2013. Before taking senior status and moving out of district, Senior District Judge David A. Ezra presided over this action and entered numerous orders during his tenure. Given the recent reassignment of this action, Defendant Naeem Williams ("Defendant") has filed a "Motion for Order Addressing Previous Rulings on and Determining (A)

Which Rulings Are Law of the Case; (B) Which Rulings Are Remaining in Effect Even If They Could Be Changed; (C) Motion to Permit Refiling and Further Rulings on in Limine and Other Evidence-Related Motions." Doc. No. 1976.

In this Motion, Defendant seeks an order "determining what existing Court Orders, issued either by Judge Ezra, or by Magistrate Judges who have had contact with the case before the Honorable J. Michael Seabright, District Judge are law of the case and/or otherwise binding on the Court and parties." *Id.* at 1-2. Defendant asserts that to ensure that he preserves his arguments for appeal, "the record should reflect that this Court has undertaken independent review of the Court's docket, motions made, and Orders entered, such that the Court is satisfied that the preexisting orders that it intends to rely on are legally appropriate given the record." Doc. No. 1976-1, at 8. Defendant further identifies a number of orders which he asserts are not binding on the court, and in particular asks the court to lift Judge Ezra's requirement that the parties seek leave to file any further motions. *Id.* at 7.

The court DENIES Defendant's Motion. Specifically, to the extent Defendant asserts that the court should sua sponte review all the previous orders entered in this action merely because a previous judge entered those orders, such request is not supported by the law governing when reconsideration is appropriate.

Nor does the reassignment of this action require Defendant to reiterate arguments to preserve them on appeal -- reassignment does not undo the binding effect of the previous orders. The court further agrees with Judge Ezra's requirement that the parties must seek leave to file any trial motions -- this requirement is sound given the age and procedural posture of this action, and is well within the court's inherent authority to ensure the efficient adjudication of this action.

As to particular orders identified by Defendant that he wishes the court to review, the court rejects such request to the extent Defendant is seeking reconsideration of these orders without bringing the appropriate motion. To clarify, however, to the extent an order entered by Judge Ezra denied a motion as premature and/or without prejudice, *see, e.g.*, Doc. Nos. 993, 1159, it is clear from the language of such order that the parties may raise the issue again. And to the extent Defendant seeks review of the merits of certain orders by Judge Ezra, *see, e.g.*, Doc. Nos. 1266, 1748, the court finds on a sua sponte review no basis to disagree with them based on the record presented to Judge Ezra at the time of the orders.

The court recognizes that at this time, no party has asked the undersigned to reconsider any of Judge Ezra's orders. If a party wishes to seek

reconsideration, however, the court provides the following legal framework that it will apply to such a request.

In general, "'[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotations omitted); *see also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("[W]e have long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). This power does not suggest, however, that reconsideration is taken lightly -- reconsideration of legal questions previously decided should be avoided "in order to maintain consistency during the course of a single lawsuit." *Santa Monica Baykeeper*, 254 F.3d at 888 (quoting *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986)).

As a result, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). In guiding this

discretion, Local Rule 60.1 outlines only three circumstances under which a party may seek reconsideration of an interlocutory order, including "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." *See also Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2003) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact."). "Motions asserted under Subsection (c) of [Rule 60.1] must be filed and served not more than fourteen (14) days after the court's written order is filed." Local Rule 60.1.

Where a case is reassigned, the court maintains discretion to reconsider the orders of the previous judge -- "one judge may 'overrule the order of another under proper circumstances,' and where the successor judge is asked to overrule the earlier order, 'the question becomes one of the proper exercise of judicial discretion.'" *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960)); *see also United States v. Desert Gold Min. Co.*, 433 F.2d 713, 715 (9th Cir. 1970) (providing that an order remains "subject to reconsideration and revision either by the same judge, a successor judge or a different judge to

5

whom the case might be assigned"). "Judicial discretion is important here because ultimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous." *Fairbank*, 212 F.3d at 530.

Just as outlined in Local Rule 60.1, the Ninth Circuit has recognized that an order by a previous judge in the same case "should be followed [by the present judge] unless: (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[1] *Delta Savings Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997)) (en banc); *see, e.g.*, *Fairbank*, 212 F.3d at 530 (determining that reconsideration was within the court's discretion where action was removed to federal court and previous order applied state summary judgment standards); *E.E.O.C. v. Serrano's Mexican Rests., LLC*, 306 Fed. Appx. 406, 407 (9th Cir. 2009) (stating that reasons

---

[1] *Castner* arguably suggests a higher standard for reconsideration, requiring "cogent reasons" or "exceptional circumstances." 278 F.2d at 380. *Castner* recognized, however, that such reasons exist where the present judge "is firmly convinced that an error of law has been committed," *id.* at 380, which is in line with *Delta Savings Bank*. To the extent *Castner* suggests a higher standard for reconsideration of a previous judge's order, the court will apply the *Delta Savings Bank* standard in an abundance of caution to provide Defendant every benefit of this rule.

for reconsideration include a determination that the previous order was clearly erroneous).

To be clear, all of the previous rulings in this action are still in effect and binding upon the parties. To the extent a party takes issue with any previous order, a party may bring an appropriate motion to reconsider as explained in this Order. Of course, this requirement does not apply to Orders that were denied by Judge Ezra without prejudice and/or as premature.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 29, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS/KSC, Order Denying Motion for Order Addressing Previous Rulings on and Determining (A) Which Rulings Are Law of the Case; (B) Which Rulings Are Remaining in Effect Even If They Could Be Changed; (C) Motion to Permit Refiling and Further Rulings on in Limine and Other Evidence-related Motions, Doc. No. 1976